

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD ALLEN ARNOLD,<br><br>                               Petitioner,<br><br>         v.<br><br>DIRECTOR OF CORRECTIONS-<br>REHABILITATION<br><br>                              Respondent. | Civil No.    07cv1400 LAB (POR)<br><br>**ORDER DISMISSING CASE**<br>**WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be

'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has incorrectly named "Director of Corrections- Rehabilitation," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or James E. Tilton, the Director of the California Department of Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Therefore, the Court **DISMISSES** the Petition without prejudice and with leave to amend.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to (1) either pay the $5 filing fee or move to proceed in forma pauperis, and (2) name a proper respondent. To have this case reopened, Petitioner must file a First Amended Petition, **no later than October 8, 2007,** that cures the pleading deficiencies noted in this Order, **AND** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee. **The Clerk of Court is directed to send Petitioner a blank motion to proceed in forma pauperis form and First Amended Petition form Petitioner's convenience .**

IT IS SO ORDERED.

DATED: August 9, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge