UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN ARNOLD,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>DIRECTOR OF CORRECTIONS-<br>REHABILITATION,<br><br>　　　　　　　　　　Respondent. | Civil No.　07-1400 LAB (POR)<br><br>**ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME TO FILE ANSWER [Doc. No. 10]** |

　　　On July 30, 2007, Petitioner, proceeding *pro se*, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On August 9, 2007, the petition was dismissed without prejudice because Petitioner failed to satisfy the filing fee requirement and failed to name a proper respondent. On October 1, 2007, Petitioner filed an amended petition and the Court reopened this case on October 4, 2007. The Court's order reopening the case required Respondent to file a Motion to Dismiss the Petition on or before November 26, 2007, or an Answer to the Petition on or before December 26, 2007. On November 19, 2007, Respondent filed a Request for Enlargement of Time to File Motion to Dismiss or, an Answer to Petition for Writ of Habeas Corpus.

Respondent's motion provides the reasons for Respondent's request. Counsel for Respondent declares that she is unable to respond to the Petition by the November 26, 2007 deadline because she will be traveling for the Thanksgiving holiday, has been preparing responses in three state court cases as well as another case in this Court, and also supervises a team of five Deputy Attorneys General whose work she regularly reviews. The Court finds good cause to grant Respondent's request. IT IS HEREBY ORDERED:

1. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **January 4, 2008**. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1] At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is not required for the motion to dismiss.

2. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **February 4, 2008**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

3. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition, as well as points and authorities in support of such answer, no later than **January 11, 2008**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

4. Petitioner may file a traverse to matters raised in the answer no later than **February 11, 2008**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

5. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

**IT IS SO ORDERED.**

DATED: November 20, 2007

_____
LOUISA S PORTER
United States Magistrate Judge