UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN ARNOLD,<br><br>　　　　　　　　Petitioner,<br><br>　vs.<br><br>BEN CURRY, Warden,<br><br>　　　　　　　　Respondent. | Civil No.　07CV1400 LAB (POR)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**(Doc. No. 9.)** |

　　　Petitioner, a state prisoner proceeding *pro se*, has submitted his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Petitioner has requested appointment of counsel, citing  18 U.S.C. 3006(a) and 28 U.S.C. 1959(d).  (Doc. No. 9.)  At this time the Court **DENIES** without prejudice Petitioner's request for appointment of counsel for the reasons stated below.

　　　The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners.  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986); Hood v. Galaza, 47 F. Supp. 2d 1144, 1149 (S.D.Cal. 1999).  However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

　　　The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition.  Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728;

-1-

Rule 8(c), 28 U.S.C. foll. § 2254.  The appointment of counsel is discretionary when no evidentiary hearing is necessary.  Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."  Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29.  A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner.

In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors."Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).  Because these factors are useful in determining whether due process requires the appointment of counsel, they are considered to the extent possible based on the record before the Court.

At this time, no appointment of counsel is warranted because an evidentiary hearing has not been granted, nor is counsel needed to prevent a due process violation.  From the face of the petition, filed *pro se*, it appears that Petitioner understands his case and the legal issues involved.  Additionally, Petitioner plead sufficiently to move the Court to order Respondent to file responsive pleadings.  Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel, as it is simply not warranted by the interests of justice.  See Berry v. Grigas, 171 Fed. Appx. 188, 191-2 (9th Cir. 2006).  Therefore, at this stage of the proceedings, the Court finds that the "interests of justice" do not require the appointment of counsel.

If an evidentiary hearing is required, Rule 8(c) of the Rules Governing Section 2254 Cases requires that counsel be appointed to a petitioner who qualifies under 18 U.S.C. § 3006A(a)(2)(B).  Rule 8(c), 28 U.S.C. foll. § 2254; see Wood v. Wainwright, 597 F.2d 1054 (5th Cir. 1979).  In addition, the Court may appoint counsel for the effective utilization

1 | of any discovery process.  Rule 6(a), 28 U.S.C. foll. § 2254.  For the above-stated reasons,
2 | the "interests of justice" in this matter do not compel the appointment of counsel at this time.
3 |     Accordingly, Petitioner's request for appointment of counsel is **DENIED** without
4 | prejudice.
5 | **IT IS SO ORDERED.**

DATED:  November 20, 2007

_____
LOUISA S PORTER
United States Magistrate Judge