1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

RICHARD ALLEN ARNOLD,

11

Petitioner,

12

vs.

13

BEN CURRY, Warden,

14

Respondent.

Civil No.    07CV1400 LAB (POR)

**ORDER DENYING WITHOUT
PREJUDICE PETITIONER'S
REQUEST FOR APPOINTMENT OF
COUNSEL**

**(Doc. No. 17)**

15
16

On January 24, 2008, Petitioner, proceeding *pro se* on a Petition for Writ of Habeas Corpus

17

pursuant to 28 U.S.C. § 2254, filed a motion for appointment of counsel, citing  18 U.S.C. 3006(a)

18

and 28 U.S.C. 1959(d).  (Doc. No. 17.)  The Court **DENIES** without prejudice Petitioner's request

19

for appointment of counsel for the reasons stated below.

20

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by

21

state prisoners.  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791

22

F.2d 722, 728 (9th Cir. 1986); Hood v. Galaza, 47 F. Supp. 2d 1144, 1149 (S.D.Cal. 1999).

23

However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may

24

obtain representation whenever the court "determines that the interests of justice so require.'"  18

25

U.S.C. § 3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v.

26

Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  The interests of justice require appointment of counsel

27

when the court conducts an evidentiary hearing on the petition.  Terrovona, 912 F.2d at 1177;

28

Knaubert, 791 F.2d at 728;  Rule 8(c), 28 U.S.C. foll. §  2254.  The appointment of counsel is

-1-

1   discretionary when no evidentiary hearing is necessary.  <u>Terrovona</u>, 912 F.2d at 1177; <u>Knaubert</u>, 791

2   F.2d at 728.

3        In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to

4   appointed counsel unless the circumstances of a particular case indicate that appointed counsel is

5   necessary to prevent due process violations."  <u>Chaney</u>, 801 F.2d at 1196; <u>Knaubert</u>, 791 F.2d at 728-

6   29.  A due process violation may occur in the absence of counsel if the issues involved are too

7   complex for the petitioner.  In the Eighth Circuit, "[t]o determine whether appointment of counsel is

8   required for habeas petitioners with nonfrivolous claims, a district court should consider the legal

9   complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and

10  present his claim, and any other relevant factors."<u>Abdullah v. Norris</u>, 18 F.3d 571, 573 (8th Cir.

11  1994).  Because these factors are useful in determining whether due process requires the

12  appointment of counsel, they are considered to the extent possible based on the record before the

13  Court.

14       At this time, no appointment of counsel is warranted because an evidentiary hearing has not

15  been granted, nor is counsel needed to prevent a due process violation.  From the face of the petition,

16  filed *pro se*, it appears that Petitioner understands his case and the legal issues involved.

17  Additionally, Petitioner has plead sufficiently for an enlargement of time to oppose Respondent's

18  motion to dismiss.  Therefore, at this stage of the proceedings, the Court finds that the "interests of

19  justice" do not require the appointment of counsel.  If an evidentiary hearing is required, Rule 8(c)

20  of the Rules Governing Section 2254 Cases requires that counsel be appointed to a petitioner who

21  qualifies under 18 U.S.C. § 3006A(a)(2)(B).  Rule 8(c), 28 U.S.C. foll. § 2254; <u>see</u> <u>Wood v.</u>

22  <u>Wainwright</u>, 597 F.2d 1054 (5th Cir. 1979).  In addition, the Court may appoint counsel for the

23  effective utilization of any discovery process.  Rule 6(a), 28 U.S.C. foll. § 2254.  For the above-

24  stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel at

25  ///

26  ///

27  ///

28

this time.  Accordingly, Petitioner's request for appointment of counsel is **DENIED** without prejudice.

DATED:  February 1, 2008

_____
LOUISA S PORTER
United States Magistrate Judge