1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN ARNOLD,<br><br>                              Petitioner,<br>      vs.<br><br>DIRECTOR OF CORRECTIONS-<br>REHABILITATION,<br><br>                              Respondent. | CASE NO. 07CV1400-LAB (POR)<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

Richard Arnold, a prisoner in state custody, filed a petition for writ of habeas corpus in this Court challenging an October 2002 conviction for murder, attempted murder, and related charges.  Pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) and (d), the petition was referred to Magistrate Judge Louisa Porter for a report and recommendation. Judge Porter issued her R&R on March 24, 2010, and for the reasons given below, the Court **ADOPTS** it in its entirety.

## I.      Legal Standard

In reviewing an R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  In other words, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*,

1  but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en

2  banc).  Because Arnold  is proceeding *pro se*, the Court construes his pleadings liberally and

3  affords him the benefit of any doubt.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621,

4  623 (9th Cir. 1988).  That said, "[p]ro se litigants must follow the same rules of procedure

5  that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

6  **II.    Discussion**

7      Arnold's habeas petition (or what remains of it) consists of three claims: (1) ineffective

8  assistance of counsel and the denial of an evidentiary hearing; (2) denial of the right to

9  confront adverse witnesses; and (3) denial of the right to present a complete defense.  The

10  R&R reviews the legal standards for federal habeas relief, and there is no need to cover

11  them here.  (*See* R&R at 3.)

12      **A.    Request for Counsel**

13      At the outset, the Court **DENIES** Arnold's request for counsel to assist him with his

14  habeas petition.  The Sixth Amendment right to counsel does not extend to federal habeas

15  corpus actions by state prisoners.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986);

16  *see also Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991).  It is true that financially

17  eligible habeas petitioners *may* obtain representation whenever the Court "determines that

18  the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), but the hurdle is a high one:

19  the facts of the particular case must indicate that "appointed counsel is necessary to prevent

20  due process violations."  *Chaney*, 801 F.2d at 1196.  Additionally, the appointment of

21  counsel may be necessary if the petitioner has such limited education that he or she is

22  incapable of presenting his or her claims.  *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir.

23  1970).  The Court finds that Arnold's due process rights are not in jeopardy, and that he has

24  proven himself to be sufficiently capable of pursuing habeas relief on his own.  His previous

25  requests for the appointment of counsel have been denied, and his present request is

26  **DENIED** as well.

27  //

28  //

07CV1400

1

### B.    Request for an Evidentiary Hearing

Arnold's entitlement to an evidentiary hearing arises in two respects.  First, he argues that he is entitled to an evidentiary hearing *now*, so that his habeas petition itself may be adjudicated fairly.   The R&R reasons that a hearing isn't precluded by 28 U.S.C. § 2254(e)(2), but that there is no basis for one under *Townsend v. Sain*, 372 U.S. 293 (1963). The Court agrees.  An evidentiary hearing isn't required "on issues that can be resolved by reference to the state court record," *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998), and, as the R&R concludes after a thorough review of the record in this case, "Arnold does not explain how an evidentiary hearing would produce material facts not already presented to the state courts."  (R&R at 6.)  Arnold's request for an evidentiary hearing is therefore **DENIED**.

Second, Arnold argues that his post-trial denial of an evidentiary hearing was a violation of his due process rights.  The Court is again satisfied with the R&R's treatment of this argument.  While predicated on Arnold's due process rights, it appears to actually implicate the trial court's application of state law, and state law claims can't be the basis of federal habeas relief.  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).  Morever, even if Arnold's claim here does implicate his due process rights, there is no indication in the record that the trial court's denial of an evidentiary hearing rose to the level of the deprivation identified in *United States v. Cronic*, 466 U.S. 648, 653 (1984), on which Arnold relies.  The Court therefore **DENIES** Arnold's claim that his due process rights were violated by the trial court's denial of an evidentiary hearing.

### C.    Ground Two - Ineffective Assistance of Counsel

While Arnold indicates in his objection to the R&R that he objects to its findings and conclusions with respect to his ineffective assistance of counsel claim, he does not specify what those objections are.  In any event, the Court is satisfied with the R&R's analysis of this claim.  Under *Strickland v. Washington*, 466 U.S. 668 (1984), counsel is legally ineffective only if his performance was unreasonable under prevailing professional standards *and* was //

1  plausibly the but-for cause of a prejudicial result at trial.  The Court finds that Arnold, for the

2  reasons thoroughly given in the R&R, has failed to make this showing.

3        **D.      Ground Three - Violation of the Confrontation Clause**

4        Arnold's confrontation clause claim goes to the attempt of a victim-witness (his former

5  wife, Heather Olafson) to offer previously excluded hearsay testimony at trial.  Arnold's

6  counsel objected to the testimony, and the objections were quickly sustained, but only after

7  the jury heard the testimony.  The Confrontation Clause of the Sixth Amendment provides

8  that the accused in criminal trials "shall enjoy the right . . . to be confronted with the

9  witnesses against [them]," U.S. CONST. amend. VI, and the Supreme Court held in *Crawford*

10 *v. Washington* that hearsay testimony can violate this right.  541 U.S. 36 (2004).

11       There is no doubt that the testimony at issue here violated Arnold's rights under the

12 Confrontation Clause.  But that's not the end of the analysis.  In order for the violation to

13 warrant habeas relief, the petitioner must suffer prejudice.  *Inthavong v. Lamarque*, 420 F.3d

14 1055, 1059 (9th Cir. 2005).  Specifically, the impermissible testimony must have had a

15 "substantial and injurious effect or influence in determining the jury's verdict."  *Id.* (quoting

16 *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  The state court found that the effect of

17 the testimony was "harmless under any standard," and the Court agrees with the R&R that

18 this finding of the state court was not "contrary to . . . Supreme Court harmless error

19 precedent" such that habeas relief is warranted.  *Id.*  The evidence of a premeditated attack

20 by Arnold was overwhelming, and the hearsay testimony could not have had a prejudicial

21 effect on the jury's verdict.  *Brecht*, 507 U.S. at 637.  The Court therefore **DENIES** Arnold's

22 claim that he is entitled to habeas relief because his rights under the Confrontation Clause

23 were violated.

24       Arnold also argues that his Confrontation Clause rights were violated because he was

25 forbidden from presenting evidence of Heather's "inappropriate sexual contact with both

26 Petitioner's Son and Nephew." (Obj. at 5.)  This isn't a Confrontation Clause issue as much

27 as one of Arnold's ability to put on a complete defense, and is therefore implicated by his

28 final habeas claim, addressed below.

07CV1400

1        **E.      Ground Four - Obstruction of Complete Defense**

2        Arnold's final claim is that the trial court's exclusion of evidence that Olafson molested

3   his son and bore a child by his nephew prevented him from mounting a successful defense.

4   Arnold argues that these facts would have impeached Olafson's credibility as a witness

5   against him *and* bolstered Arnold's heat of passion defense.  The trial court, as the R&R

6   observes, questioned the relevance of the molestation evidence to a heat of passion

7   defense because "this was not a situation where he was suddenly confronted with the

8   provocation and then initiated the attack."   (R&R at 16.)

9        The trial court excluded the molestation evidence under section 352 of the California

10  Evidence Code, which is analogous to Rule 403 of the Federal Rules of Civil Procedure.  It

11  did so on the ground that "the relevance is outweighed by time consumption and prejudice

12  against the victim." (R&R at 17.)  Arnold doesn't argue, under *United States v. Scheffer*, 523

13  U.S. 303, 308 (1998), that section 352 is arbitrary or disproportionate to its intended

14  purpose, which means he must argue that the trial court lacked "any rational justification" for

15  the exclusion of the evidence.  *Crane v. Kentucky*, 476 U.S. 683, 691 (1986).  The trial court

16  found that the alleged molestations were too far removed in time from Arnold's crime to

17  plausibly support a heat of passion defense, and that any relevance of the charges would

18  have been outweighed by prejudice against Heather Olafson.  The Court, following the R&R,

19  finds that these justifications are rational and persuasive, not arbitrary.   There was no

20  constitutional error in the trial court's exclusion of the evidence, and Arnold's claim that he

21  was prevented from mounting a full defense is **DENIED**.

22       **F.      Certificate of Appealability**

23       Arnold's argument that denying him a certificate of appealability violates his First

24  Amendment right to petition the government is meritless.   Under the Federal Rules of

25  Appellate Procedure, a habeas petitioner "cannot take an appeal unless a circuit or district

26  judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P.

27  22(b)(1).  The district court may issue a certificate of appealability only if the petitioner "has

28  made a substantial showing of the denial of a constitutional right." 28 § 2253(c)(2). To make

a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Judge Porter's recommendation that a certificate of appealability should not issue is reasonable, and the Court **ADOPTS** it.

**III.    Conclusion**

Arnold's request for an evidentiary hearing is **DENIED**.  His request for counsel is also **DENIED**.  His habeas petition is **DENIED** in its entirety.  A certificate of appealability is **DENIED**.  The Court therefore **ADOPTS** the R&R in its entirety.

**IT IS SO ORDERED**.

DATED:  January 18, 2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 6 -

07CV1400